IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD JEROME THOMPSON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-195-SLR |
| | ) |
| SCOTT KASPRENSKI, PHILLIP A. DUNNING, DONALD PIERCE, DAVID HOLMAN, THOMAS CARROLL, JAMES T. VAUGHN CORRECTIONAL CENTER, and DELAWARE CORRECTIONAL CENTER INSURANCE PROVIDER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 21st day of July, 2008, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion for appointment of counsel (D.I. 4) is denied without prejudice and that the claims against defendants deputy warden Pierce ("Pierce"), major David Holman ("Holman"), former warden Thomas Carroll ("Carroll"), James T. Vaughn Correctional Center ("JVCC"), and Delaware Correctional Center Insurance Provider ("DCC Insurance") are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and that plaintiff will be allowed to proceed against the remaining defendants, for the reasons that follow:

1. **Background.** Plaintiff Donald Jerome Thompson, III ("plaintiff"), an inmate at the JVCC, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se

and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's

2

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

   5. **Discussion.** Plaintiff alleges that defendants C/O Scott Kasprenski ("Kasprenski") and Phillip A. Dunning ("Dunning") violated his Eighth Amendment rights on February 7, 2007, when Kasprenski used excessive force and Dunning failed to protect him from Kasprenski. Plaintiff also alleges a state claim of assault and battery.

As a result of the incident, plaintiff sustained an injury to his ankle and received medical treatment. Medical submitted a request to excuse plaintiff from wearing ankle shackles from February 8, 2007 to February 13, 2007, and the request was denied by Pierce on February 15, 2007, after the expiration of the requested time period. Plaintiff alleges the denial caused him increased pain in his ankle and increased the healing time.

6. On February 27, 2007, there was a shakedown of plaintiff's cell and Kasprenski was present. Plaintiff alleges that Kasprenski taunted, intimidated him, and initiated a pat-down around plaintiff's "private parts." Plaintiff alleges that Kasprenski acted in a deliberate manner to intimidate and strike fear in him. Plaintiff alleges that because of grievances he filed, Carroll, Pierce, and Holman knew of the problems between plaintiff and Kasprenski, but that Kasprenski was not reassigned and defendants did not restrict contact between the two. Plaintiff seeks compensatory damages.

7. **Pleading Deficiency**. Plaintiff names DCC Insurance as a defendant, but the complaint contains no allegations directed towards it. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, the claim against DCC Insurance is barred by Will v. Michigan Department of State Police, 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. See Evancho v. Fisher, 423 F.3d 347, 350 (3d

Cir. 2005). Therefore, the DCC Insurance is dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

 8. **Eleventh Amendment Immunity**. Also named as a defendant is the JVCC. The JVCC falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. See Green v. Howard R. Young Corr. Inst., 229 F.R.D. 99, 102 (D. Del. 2005). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. Brooks-McCollum v. Delaware, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted). Accordingly, the JVCC is entitled to immunity under the Eleventh Amendment and, therefore, it is dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

 9. **Medical Request**. Plaintiff alleges that Pierce caused him increased pain and time in healing when he belatedly denied a medical request to excuse plaintiff from wearing ankle shackles. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at

104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05. Further, allegations of negligence are not sufficient to establish a Constitutional violation. Daniels v. Williams, 474 U.S. 327, 332-34 (1986).

10. Even when reading the complaint in the most favorable light to plaintiff, he fails to state an actionable constitutional claim against Pierce for deliberate indifference to a serious medical need. At the most, plaintiff alleges that Pierce was remiss in failing to address the medical request in a timely manner. The allegations fall under the aegis of a negligence claim, rather than deliberate indifference. Accordingly, the court will dismiss the claims against Pierce for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

11. **Intimidation**. Plaintiff alleges that on February 25, 2008, Kasprenski took actions to deliberately harass, intimidate, and strike fear in him. Verbal abuse and harassment do not rise to the level of a constitutional violation. See Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable

6

claims under § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). The claims relative to Kasprenski's actions on February 25, 2007 are not cognizable under § 1983 and, therefore, they are dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

12. **Personal Involvement.** Plaintiff alleges that Pierce, Holman, and Carroll, as supervisory officials, were aware of the problems between Kasprenski and plaintiff as a result of grievances plaintiff filed, yet they failed to take action. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. Id.; see Monell, 436 U.S. at 694-95. Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 Fed. Appx. 240 (3d Cir. 2005).

13. However, participation in the after-the-fact review of a grievance is not

enough to establish personal involvement. See, e.g., Brooks v. Beard, 167 Fed. Appx. 923, 925 (3d Cir. 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). See also Cole v. Sobina, 2007 WL 4460617 (W.D. Pa.2007); Ramos v. Pennsylvania Dep't of Corr., 2006 WL 2129148 (M.D. Pa. 2006); Jefferson v. Wolfe, 2006 WL 1947721 (W.D. Pa. 2006); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa.1997), aff'd, 142 F.3d 430 (3d Cir. 1998) (prison officials' failure to respond to inmate's grievance does not state a constitutional claim). Plaintiff's allegations do not rise to the level of a constitutional allegation. Therefore, the court will dismiss the claims against Pierce, Holman, and Carroll for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

14. **Appointment of Counsel**. Plaintiff's motion for appointment of counsel is **denied** without prejudice. (D.I. 4) Plaintiff moves for appointment of counsel on the bases that the issues are complex and he requires counsel to handle procedural issues that would hinder or defeat an otherwise successful claim. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal

issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

15. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;(2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

16. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. Plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claims survive summary judgment.

17. **Conclusion**. For the foregoing reasons, the court dismisses the claims against Pierce, Holman, Carroll, JVCC, and DCC Insurance pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff may proceed with the excessive force, failure to protect, and assault and battery claims against Kasprenski and Dunning.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court an **original** "U.S. Marshal-285" form for **the remaining defendants, Scott E. Kasprenski and Phillip A. Dunning,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c). **Plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon defendants and the attorney general. Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Fed. R. Civ. P. 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with

process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

    6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

    7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). ***

    8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE