IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

DONALD J. THOMPSON, III,        )
                                )
        Plaintiff,               )
                                )
v.                              )   Civ. No. 08-195-SLR
                                )
SCOTT KASPRINSKI, PHILLIP A.    )
DUNNING, DONALD PIERCE, DAVID   )
HOLMAN, THOMAS CARROLL,         )
JAMES T. VAUGHN CORRECTIONAL    )
CENTER, and DELAWARE            )
CORRECTIONAL CENTER             )
INSURANCE PROVIDER              )
                                )
        Defendants.              )

## MOTION FOR RECONSIDERATION

Plaintiff hereby files this motion to reconsideration pursuant to rule 59(e) of the Federal Rules of Civil Procedure.

1. The plaintiff's claims against DONALD PIERCE, DAVID HOLMAN, THOMAS CARROLL, JAMES T. VAUGHN CORRECTIONAL CENTER, AND DELAWARE CORRECTIONAL CENTER INSURANCE PROVIDER were dismissed without prejudice in an order from the Honorable Judge Sue L. Robinson.

2. The Plaintiff would first request that the dismissal of his claims against JAMES T. VAUGHN CORRECTIONAL CENTER AND DELAWARE CORRECTIONAL CENTER INSURANCE PROVIDER be reconsidered. The ruling stated that the dismissal was based on The Eleventh Amendment Immunity. However, the Delaware General Assembly has waived the Defense of sovereign immunity as to any risk or loss covered by the State Insurance Coverage Program, Title 18 Del. C. § 6511. Eleventh Amendment Immunity does not apply to the

JAMES T. VAUGHN CORRECTIONAL CENTER up to the amount covered by the State Insurance Coverage Program. And the State Insurance Coverage Program is what the plaintiff is referring to when he named the DELAWARE CORRECTIONAL CENTER INSURANCE PROVIDER as a defendant.

    3. The plaintiff request that the dismissal of his claims against DONALD PIERCE also be reconsidered. The plaintiff still contends that the defendant displayed deliberate indifference to the plaintiff's medical needs not only by not addressing the medical request in a timely manner but also by denying the request. The plaintiff has the denial of the request by defendant DONALD PIERCE in writing. But if the Honorable Judge feels that the claim falls more under the aegis of negligence, the plaintiff would like to amend his complaint to include the claim of negligence as it relates to this part of the claim. If this court considers the claim of negligence to not be recognizable in this court it is still a valid state court claim and as such should be preserved. The plaintiff would still preserve his claims for negligence and deliberate indifference on the part of defendant DONALD PIERCE.

    4. The plaintiff would also urge the court to reconsider the dismissal of his claims against defendants, DAVID HOLMAN and THOMAS CARROLL at least until the completion of the discovery process. The plaintiff acts in good faith and assures the courts that his claims rely on more than the theory of respondeat superior. The plaintiff has it on good authority that the this is not the first incident involving defendant SCOTT KASPRINSKI and that when the discovery is complete it will show that these incidents were due to the administration's failure to properly train and control staff and to assure that the rules and standard operating procedure was properly enforced, which created a dangerous environment to the plaintiff and if these previous incident with defendant SCOTT KASPRINSKI were handled properly the defendant would

never have suffered injury. Additionally, the defendants DONALD PIERCE, DAVID HOLMAN and THOMAS CARROLL were notified not only through grievances but also through letters written by the plaintiff as well as telephone contact with the institution by members of the plaintiff's family. They directly knew of the incident the plaintiff had with defendant SCOTT KASPRINSKI but he was still allowed to work around him and harass him which put the plaintiff in a constant state of fear and anxiety, which is also a claim as long as the plaintiff can show he suffered physical injuries, which he can and the details of those injuries will be shown when the discovery is complete and the plaintiff will finally be allowed to have a copy of his medical records. This goes beyond the theory of respondeat superior (which states that an employer is automatically responsible for the acts of his employees) because the defendants DONALD PIERCE, DAVID HOLMAN and THOMAS CARROLL had direct knowledge of the incident. The state has a responsibility to protect the plaintiff while he is in the custody of the Department of Corrections.

5. The plaintiff would also request the court to reconsider the dismissal of the plaintiff's claims of harassment SCOTT KASPRINSKI. These claims are related to the plaintiff's claims of injury which allege extreme mental and emotional distress, et al. Additionally, the actions of defendant SCOTT KASPRINSKI were outside of his duties as a Correctional officer and so at the least would amount to a State claim. And during the attached incident of harassment defendant SCOTT KASPRINSKI not only harassed the plaintiff verbally but also placed his hands on the plaintiff by touching him around his private parts which comes dangerously close to a claim of

sexual harassment. Physical intimidation, which he committed in this incident, is a cognizable claim in this court.

WHEREFORE, the plaintiff prays for the court to reconsider its motion to dismiss the defendants for the reasons stated above.

Respectfully Submitted,

Donald J. Thompson III
S.B.I. 326474
1181 Paddock Rd.
Smyrna, DE. 19977

