IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD JEROME THOMPSON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-195-SLR |
| | ) |
| SCOTT KASPRENSKI and PHILLIP A. DUNNING, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 26th day of October, 2009, having considered the various pending motions for relief and the papers submitted in connection therewith;

IT IS ORDERED that: (1) plaintiff's motion for appointment of counsel (D.I. 26) is denied without prejudice to renew; (2) plaintiff's motion for an extension of time (D.I. 27) is granted; (3) plaintiff's motion to compel discovery (D.I. 31) is denied as moot; (4) plaintiff's motion to amend (D.I. 41) is granted ; and (5) defendant Kasprenski's motion to dismiss (D.I. 37) is denied for the reasons that follow:

1. **Appointment of Counsel.** Plaintiff requests counsel on the grounds that he is unable to prosecute the case while incarcerated and the case contains complex issues that require the assistance of an attorney. (D.I. 26) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F. 2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special

circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

3. Having reviewed plaintiff's request in light of the aforementioned authority, the court finds that appointment of counsel is not warranted at this time. The record reflects various papers and pleadings submitted by plaintiff that demonstrate an ability to coherently present his claims and requests for relief. Accordingly, plaintiff's motion for appointment of counsel (D.I. 26) is denied without prejudice to renew.

4. **Discovery and Amendment Motions.** Plaintiff requests an extension of the discovery deadline (D.I. 27) and moves to compel defendants to answer his request for discovery (D.I. 31). Because the record reflects that defendant Dunning filed discovery

2

responses on October 9, 2009, the motion to compel is denied as moot. Plaintiff's request to extend the discovery deadline is granted. The court finds amendment appropriate under Fed. R. Civ. P. 15(a). Accordingly, the scheduling order is amended as follows:

    a. **Answer.** Answers to the amended complaint shall be filed on or before **November 23, 2009**.

    b. **Discovery.** All discovery in this case shall be initiated so that it will be completed on or before **January 20, 2009**.

    c. **Application by Motion.** Any application to the court shall be by written motion filed with the Clerk. Unless otherwise requested by the court, the parties shall **not** deliver copies of papers or correspondence to chambers.

    d. **Summary Judgment Motions**. All summary judgment motions and an opening brief and affidavits, if any, in support of the motion, shall be served and filed on or before **February 22, 2009**. Answering briefs and affidavits, if any, shall be filed on or before **March 22, 2010**. Reply briefs shall be filed on or **before April 8, 2010.**

    5. **Defendant Kasprenski's Motion to Dismiss.** The United States Marshals Service attempted to serve defendant Kasprenski ("Kasprenski"), an employee at the time of the Delaware Department of Correction, on January 6, 2009. Service was not effectuated, however, because Kasprenski was "[n]o longer employed by DOC". (D.I. 18) The Delaware Superior Court appointed conflict counsel who entered her appearance on August 18, 2009, and was granted an extension of time, until September 10, 2009, to answer the complaint. (D.I. 32, 33, 34) Instead of filing an

answer, Kasprenski moved to dismiss for insufficiency of process,[1] arguing that he has never been served with a copy of the complaint or a summons. (D.I. 37, 38) In response, plaintiff submitted a U.S.M. 285 to be served on Kasprenski through counsel. (D.I. 39)

6. Federal Rule of Civil Procedure 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice." Fed. R. Civ. P. 4(m). The rule further states that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at its discretion, extend the time for service even if plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services*, 380 F.Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

7. As Kasprenski is aware, plaintiff proceeds in forma pauperis and, therefore, must rely upon the court to issue a service order and the United States Marshal Service to effect proper service of the summons and complaint. *See* 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding in forma pauperis, "the officers of the court shall issue and serve all process, and perform all duties in such cases"). Plaintiff had nothing to do with any delay in service. Indeed, he timely complied with all court orders and deadlines. Dismissal for failure to timely serve is not proper, and defendant's motion is denied.

---

[1] Alternately, to dismiss for failure to state a claim.

4

8. The United States Marshals Service shall forthwith serve a copy of the complaint (D.I. 2), screening order (D.I. 11), the amended complaint (D.I. 44), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver form upon Kasprenski as identified in the 285 form. If counsel is not authorized to accept service, the United States Marshal Service is directed to review its records for Kasprenski's last known address and serve a copy of the complaint accordingly. (*See Ali v. Kasprenski*, Civ. No. 07-613-SLR, D.I. 32)

9. Kasprenski is ordered to file an answer to the complaint by **November 23, 2009** and to comply with the terms of amended scheduling order, *see infra* ¶ 4. The court finds that plaintiff's unopposed motion to amend the complaint is granted. Fed. R. Civ. P. 15(a).

_____
United States District Judge