IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD JEROME THOMPSON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-195-SLR |
| | ) |
| SCOTT KASPRENSKI and PHILLIP A. DUNNING, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 27th day of January, 2010, having considered plaintiff's motions for appointment of counsel and the papers submitted in connection therewith;

IT IS ORDERED that plaintiff's motions for appointment of counsel (D.I. 48, 67) are denied for the reasons that follow:

1. **Appointment of Counsel.** Before the court are plaintiff's second and third request for counsel. (D.I. 48, 67) His first motion for appointment of counsel was denied on October 27, 2009. (D.I. 43) Just over a month following the court's ruling, plaintiff filed his second motion, requesting that counsel be appointed because: (1) he cannot afford counsel; (2) credibility determinations and factual investigations make the appointment of counsel necessary; (3) he is incarcerated and there are certain files (presumably pertinent to this case) that inmates are not permitted to access; and (4) unspecified retaliatory conduct has occurred since he filed the action. (D.I. 48)

2. In his third motion for appointment of counsel, plaintiff avers that counsel should be appointed because he is scheduled to be deposed by defendants and he

does not understand his "rights, privileges, responsibilities . . . plaintiff wants counsel to represent him during the deposition to insure that all of this rights privileges are protected." (D.I. 67) Plaintiff further asserts that counsel is necessary to depose witnesses and gather evidence.

3. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F. 2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

4. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

5. Having reviewed plaintiff's motions, as well as the record, in light of the aforementioned authority, the court finds that appointment of counsel is not warranted at this time. Significantly, the record reflects plaintiff is ably representing himself as demonstrated by his ability to coherently present his claims and requests for relief. There is no evidence that prejudice will result in the absence of counsel. **FURTHER REQUESTS FOR COUNSEL SHALL BE DEEMED DENIED WITHOUT PREJUDICE TO REVIEW SHOULD ANY OF PLAINTIFF'S CLAIMS SURVIVE SUMMARY JUDGMENT.**

IT IS FURTHER ORDERED that:

1. Plaintiff's motion for discovery (D.I. 50) is dismissed as moot, the docket reflecting that defendant has served plaintiff with said requested materials (D.I. 55).

2. On or before **February 26, 2010**, defendants shall indicate whether the materials requested in plaintiff's motion for a subpoena (D.I. 49) have been or will be furnished as part of their discovery responses.

                                                      _____
                                                      United States District Judge