IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD JEROME THOMPSON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-195-SLR |
| | ) |
| SCOTT KASPRENSKI and | ) |
| PHILLIP A. DUNNING, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 9th day of June, 2010, having considered the pending

motions;

IT IS ORDERED that:

1. **Background**. Plaintiff Donald Jerome Thompson, III ("plaintiff"), an inmate

housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed

this lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants C/O Scott

Kasprenski ("Kasprenski") and Phillip A. Dunning ("Dunning") (together "defendants")

violated his Eighth Amendment rights on February 7, 2007, when Kasprenski used

excessive force and Dunning failed to protect plaintiff from Kasprenski. Plaintiff also

alleges a state claim of assault and battery.

2. **Motion for Subpoenas**. The court holds in **abeyance** its ruling on the motion

for issuance of subpoenas. On November 30, 2009, plaintiff filed a motion under Fed.

R. Civ. P. 45 and 34(c) for issuance of subpoenas for the production and inspection of

documents upon non-parties Correctional Medical Services and the Delaware

Department of Correction ("DOC") Internal Affairs Division. (D.I. 49) Plaintiff seeks a

complete copy of his medical records from Correctional Medical Services. He also seeks the complete file of the internal affairs investigation of the February 7, 2007 incident. On January 27, 2010, the court entered an order for defendants to advise the court, on or before February 26, 2010, whether the materials requested in plaintiff's motion for subpoena have been or will be furnished as part of their discovery responses. (D.I. 68) Neither defendant provided the court with the information prior to the deadline.

3. Dunning, in his response to plaintiff's pending motion to compel, advised the court on March 22, 2010, that he has disclosed the names of staff and inmates who were interviewed by internal affairs, as well as the investigator's name and, therefore, plaintiff has the ability to obtain information regarding the incident and investigation. (D.I. 83) Plaintiff claims that Dunning has not disclosed the names of staff and inmates who were interviewed by internal affairs and asks that Dunning produce documents with the information.

4. Dunning states that a copy of plaintiff's own statement to the internal affairs investigators will be produced to plaintiff. Additionally, Dunning states that he is willing to make the internal affairs report available for review by the plaintiff, at a time and place within the institution, to be determined, but objects to plaintiff copying or otherwise reproducing any portion of the report. He also objects to providing plaintiff with copies of the statements of witnesses and persons interviewed for purposes of the internal affairs investigation on the grounds the information is confidential and for security reasons. Plaintiff states that it is necessary for him to view the witness statements and that he remains unaware of the names of witnesses who filed reports. Plaintiff also

states that he has not received the pertinent DOC training materials and guidelines with respect to the use of force policy even though Dunning agreed to produce them. (*See* D.I. 42, ¶ 9 ("defendant is willing to produce pertinent training materials and guidelines with respect to force policy")). Dunning contends that, to the extent that plaintiff seeks information or documents beyond the report itself, discovery is barred as previously set forth and as trial preparation materials. (D.I. 83)

5. The subpoena also seeks plaintiff's medical file. Dunning states that he has produced all pertinent medical records responsive to plaintiff's request as set forth in the motion for subpoenas. Plaintiff takes exception and states that Dunning has not provided the medical records sought.[1] He asks that Dunning produce to the court the "exact medical records" he claims to have provided him. Plaintiff believes that Dunning is incapable of providing his medical records without a court order or plaintiff's signed release.

6. On or before **June 23, 2010**, Dunning shall produce to the court, for in camera review: (a) the internal affairs investigative file, along with a memorandum explaining which portions of the file he contends are confidential and why said portions are not discoverable under Delaware law; and (b) plaintiff's medical records for the year 2007.[2] Upon completion of its review, the court may file under seal those documents deemed relevant and not otherwise privileged, and shall thereafter require Dunning to serve

---

[1]Plaintiff states that the Department of Correction/Correctional Medical Services has refused to provide him a copy of his own medical records. (D.I. 84)

[2]Dunning is represented by the Attorney General of the State of Delaware who has access to said records.

plaintiff with copies of said documents.  To the extent Dunning has indicated that he will produce other discovery, but has not, he shall do so on or before **June 23, 2010.**

7. **Motion for Reconsideration**.  The motion is **denied** as moot.  (D.I. 77) Plaintiff filed a motion for discovery to compel Dunning to produce internal affairs documents.  (D.I. 50)  Plaintiff had also sought the requested documents from Kasprenski whose response stated that the documents had been produced to the extent the written record was in his control.  (D.I. 55)  The court dismissed the motion as moot on the grounds that the docket reflected that defendant had served plaintiff with the requested materials.  (D.I. 68)  Plaintiff moves for reconsideration on the grounds that the motion to compel was directed to Dunning and not Kasprenski.  In reviewing the motion, the court finds that plaintiff is correct.  Nonetheless, the motion is **denied** as moot inasmuch as the court has ordered Dunning to produce, under seal, the internal affairs investigative file to the court for an in camera review.  (D.I. 77)

8. **Motion to Compel**.  Plaintiff moves to compel Dunning to respond to interrogatories served upon him on December 7, 2009.  (D.I. 53, 78)   Dunning responds that he filed responses to plaintiff's discovery requests on October 7, 2009, February 12, 2010, and March 2, 2010.  A review of the court docket indicates that none of the foregoing responses were directed to the interrogatories served upon Dunning in December 2009.  Therefore, the motion to compel is **granted**.  Dunning shall answer the interrogatories on or before **June 23, 2010**.  He is reminded that, because there were no timely objections, unless good cause is shown, objections are waived.  Fed. R. Civ. P. 33(b)(4).

9. **Scheduling Order**.  The current discovery and motions deadlines have expired.  As is evident from the pending motions, discovery is not complete.  Therefore the deadlines are amended as follows:

a.  **Discovery**.  All discovery will be initiated so that it will be completed on or before  **July 30, 2010.**

b.  **Summary Judgment Motions**.  All summary judgment motions, with accompanying briefs and affidavits, if any, will be served and filed on or before **August 30, 2010**.  The answering brief will be filed on or before **September 30, 2010**, and the reply brief due on or before **October 15, 2010.**

_____
UNITED STATES DISTRICT JUDGE

-5-